IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| DOCUMENT SECURITY SYSTEMS, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CREE, INC.,<br><br>　　　　　　　Defendant. | Civil Action No. ____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* in which Document Security Systems, Inc. ("DSS" or "Plaintiff") makes the following allegations against Defendant Cree, Inc. ("Cree" or "Defendant").

**PARTIES**

1.　Document Security Systems, Inc. is a publicly-traded New York corporation, and has a place of business in Plano, Texas. Founded in 1984, DSS is a global leader in brand protection, digital security solutions and anti-counterfeiting technologies.

2.　In November 2016, DSS acquired a portfolio of patents covering technologies used in Light-Emitting Diode ("LED") lighting products, including the patents-in-suit. The patents in this portfolio were originally assigned to Agilent Technologies, Inc. and/or the successors of its LED business. Since its recent acquisition of these patents, DSS has worked to expand its business efforts regarding LED technology. DSS is pursuing both licensing and

1

exploitation of this technology acquisition, and is establishing those activities within its Plano location.

3. On information and belief, Cree, Inc. is a North Carolina corporation with its principal place of business at 4600 Silicon Drive, Durham, North Carolina 27703-8475. Defendant Cree, Inc. can be served through its registered agent, Bradley D. Kohn, 4600 Silicon Drive, Durham, North Carolina 27703-8475.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant in this action because, among other reasons, Defendant has committed acts within the Eastern District of Texas giving rise to this action and has established minimum contacts with the forum state of Texas. Defendant directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, making, using, importing, offering for sale, and/or selling products and/or services that infringe the patents-in-suit. Thus, Defendant purposefully availed itself of the benefits of doing business in the State of Texas and the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Cree is registered to do business in the State of Texas, and has appointed CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136 as its agent for service of process.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 (b)-(c) and 1400(b) because Defendant is subject to personal jurisdiction in this District, has transacted business in

this District and has committed acts of patent infringement in this District.

## BACKGROUND

7. DSS is the owner by assignment of United States Patent No. 6,949,771 ("the '771 Patent") entitled "Light Source." The '771 Patent was duly and legally issued by the United States Patent and Trademark Office on September 27, 2005. A true and correct copy of the '771 Patent is included as Exhibit A.

8. DSS is the owner by assignment of United States Patent No. 7,256,486 ("the '486 Patent") entitled "Packing Device for Semiconductor Die, Semiconductor Device Incorporating Same and Method of Making Same." The '486 Patent was duly and legally issued by the United States Patent and Trademark Office on August 14, 2007. A true and correct copy of the '486 Patent is included as Exhibit B.

9. DSS is the owner by assignment of United States Patent No. 7,279,355 ("the '355 Patent") entitled "Method for Fabricating a Packing Device for Semiconductor Die and Semiconductor Device Incorporating Same." The '355 Patent was duly and legally issued by the United States Patent and Trademark Office on October 9, 2007. A true and correct copy of the '355 Patent is included as Exhibit C.

10. DSS is the owner by assignment of United States Patent No. 7,524,087 ("the '087 Patent") entitled "Optical Device." The '087 Patent was duly and legally issued by the United States Patent and Trademark Office on April 28, 2009. A true and correct copy of the '087 Patent is included as Exhibit D.

11. DSS is the owner by assignment of United States Patent No. 7,919,787 ("the '787 Patent") entitled "Semiconductor Device with a Light Emitting Semiconductor Die." The '787 Patent was duly and legally issued by the United States Patent and Trademark Office on April 5,

2011.  A true and correct copy of the '787 Patent is included as Exhibit E.

12. DSS owns all rights, title, and interest in and to the '771, '486, '355, '087, and '787 Patents (collectively, "asserted patents" or "patents-in-suit"), including all rights to sue and recover for past and future infringement.

## COUNT I

## INFRINGEMENT OF THE '771 PATENT

13. DSS references and incorporates by reference paragraphs 1 through 12 of this Complaint.

14. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that infringe various claims of the '771 Patent, and continues to do so.  By way of illustrative example, Defendant's infringing products include without limitation, all versions and variations, including predecessor and successor models, of its XLamp ML-B, XLamp ML-C, XLamp ML-E, Xlamp MX-3S, XLamp XR-C, XLamp XR-E, XLamp MC-E, CLM1 Series Color, CLM2 Series, CLM3 Series Color, CLM4 Series, CLP6 Series White, CLP6 Series Color, SMD Full Color, SMD Full Color Side-View, XLamp CX Family, and XLamp XB-D Family LED products.  Defendant's infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product.  Defendant's infringing products are collectively referred to hereinafter as "'771 Accused Instrumentalities."

15. On information and belief, Defendant has directly infringed and continues to directly infringe the '771 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '771 Accused Instrumentalities.  On information and belief, such products

and/or services are covered by one or more claims of the '771 Patent's including at least claims 1 through 8 because they contain each element of those claims.

16. By making, using, offering for sale, selling, and/or importing the '771 Accused Instrumentalities infringing the '771 Patent, Defendant has injured DSS and is liable to DSS for infringement of the '771 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

17. In addition, Defendant is actively inducing others, such as its affiliates, customers, and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claims 1 through 8 of the '771 Patent, in violation of 35 U.S.C. §§ 271(b) and/or 271(f). Upon information and belief, Defendant's customers and/or end users have directly infringed and are directly infringing—and/or combining outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claims 1 through 8 of the '771 Patent. Defendant has had actual knowledge of the '771 Patent at least as of service of this Complaint. Defendant is knowingly inducing its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '771 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement. Defendant's inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce its customers and/or end users to directly infringe—and/or

to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '771 Patent.  The '771 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '771 Patent.  Defendant knows and intends that customers that purchase the '771 Accused Instrumentalities will use those products for their intended purpose.

18.     Defendant has been aware of the '771 Patent and of its infringement as of a date no later than the date it was served with this Complaint in this action.  To the extent facts learned in discovery show that Defendant's infringement of the '771 Patent is or has been willful, or to the extent that Defendant's actions subsequent to the filing of this Complaint—such as it behavior as a litigant or its failure to take remedial actions—render its infringement egregious, DSS reserves the right to request such a finding at time of trial.

19.     As a result of Defendant's infringement of the '771 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF THE '486 PATENT

20.     DSS references and incorporates by reference paragraphs 1 through 19 of this Complaint.

21.     On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that infringe various claims of the '486 Patent, and continues to do so.   By way of illustrative example, Defendant's infringing products include without limitation, all versions and variations, including predecessor and successor

models, of its "XLamp" line of LEDs, including the XP-G2, XB-D, XB-H, XH-B, XH-G, XHP35, XHP35 HI, XM-L, XM-L HV, XM-L2, XP-C, XP-E, XP-E HE, XP-E2, XP-E2 Torch, XP-G, XP-G2, XP-G3, XP-L, XP-L HI, XP-l2, XQ-A, XQ-B, XQ-D, XQ-E, XQ-E HI, XR-C, XR-E, XT-E HV, XT-E Royal Blue, XT-E White, MHB-A, MHB-B, MHD-E, MHD-G, MK-R, MK-R2, MT-G EasyWhite, MT-G2 EasyWhite, XHP50, XHP50.2, XHP70, XHP70.2, XM-L Color, XM-L EasyWhite, XM-L2 EasyWhite LED products and Daylight bulbs. Defendant's infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendant's infringing products are collectively referred to hereinafter as "'486 Accused Instrumentalities."

22. On information and belief, Defendant has directly infringed and continues to directly infringe the '486 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '486 Accused Instrumentalities. On information and belief, such products are covered by one or more claims of the '486 Patent including at least claim 1 because they contain each element of that claim.

23. By making, using, offering for sale, selling, and/or importing the '486 Accused Instrumentalities infringing the '486 Patent, Defendant has injured DSS and is liable to DSS for infringement of the '486 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

24. In addition, Defendant is actively inducing others, such as its affiliates, customers, and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claim 1 of the '486 Patent, in violation of 35

U.S.C. §§ 271(b) and/or 271(f).  Upon information and belief, Defendant's customers and/or end users have directly infringed and are directly infringing—and/or combining outside of the United States in a manner that would infringe if such combination occurred within the United States— each and every claim limitation, including without limitation claim 1 of the '486 Patent. Defendant has had actual knowledge of the '486 Patent at least as of service of this Complaint. Defendant is knowingly inducing its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '486 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendant's inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '486 Patent.  The '486 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '486 Patent. Defendant knows and intends that customers that purchase the '486 Accused Instrumentalities will use those products for their intended purpose.

25.    Defendant has been aware of the '486 Patent and of its infringement as of a date no later than the date it was served with this Complaint in this action.  To the extent facts learned in discovery show that Defendant's infringement of the '486 Patent is or has been willful, or to the extent that Defendant's actions subsequent to the filing of this Complaint—such as it behavior as a litigant or its failure to take remedial actions—render its infringement egregious, DSS reserves the right to request such a finding at time of trial.

26. As a result of Defendant's infringement of the '486 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF THE '355 PATENT

27. DSS references and incorporates by reference paragraphs 1 through 26 of this Complaint.

28. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports in the United States products made by processes that infringe various claims of the '355 Patent, and continues to do so. Defendant also performs the patented processes of various claims of the '355 Patent in the United States. By way of illustrative example, Defendant's infringing products include without limitation, all versions and variations, including predecessor and successor models, of its XLamp line of LEDs, including its XB-D, XP-G2, XB-H, XH-B, XH-G, XHP35, XHP35 HI, XM-L, XM-L HV, XM-L2, XP-C, XP-E, XP-E HE, XP-E2, XP-E2 Torch, XP-G, XP-G2, XP-G3, XP-L, XP-L HI, XP-l2, XQ-A, XQ-B, XQ-D, XQ-E, XQ-E HI, XR-C, XR-E, XT-E HV, XT-E Royal Blue, XT-E White, MHB-A, MHB-B, MHD-E, MHD-G, MK-R, MK-R2, MT-G EasyWhite, MT-G2 EasyWhite, XHP50, XHP50.2, XHP70, XHP70.2, XM-L Color, XM-L EasyWhite, XM-L2 EasyWhite LED products. These products were made either in the United States or abroad, using processes claimed in the '355 Patent. Defendant's infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendant's infringing products and processes are collectively referred to hereinafter as "'355 Accused Instrumentalities."

29. On information and belief, Defendant has directly infringed and continues to directly infringe the '355 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '355 Accused Instrumentalities. On information and belief, such products and/or methods are covered by one or more claims of the '355 Patent's including at least claim 1 because they contain each element of that claim.

30. By making, using, offering for sale, selling, and/or importing the '355 Accused Instrumentalities infringing the '355 Patent, Defendant has injured DSS and is liable to DSS for infringement of the '355 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

31. Defendant also infringes the '355 patent pursuant to 35 U.S.C. 271(g) because it imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process patented in the United States, which has not been materially changed by subsequent processes and does not become a trivial and nonessential component of another product. For example, Defendant imports, offers to sells, sells, and/or uses in the United States the '355 Accused Instrumentalities, which are final products that are not materially changed by subsequent processes and do not become trivial and nonessential components of other lighting products.

32. In addition, Defendant is actively inducing others, such as its affiliates, customers, and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claim 1 of the '355 Patent, in violation of 35 U.S.C. §§ 271(b) and/or 271(f). Upon information and belief, Defendant's customers and/or end

users have directly infringed and are directly infringing—and/or combining outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claim 1 of the '355 Patent. Defendant has had actual knowledge of the '355 Patent at least as of service of this Complaint. Defendant is knowingly inducing its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '355 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendant's inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '355 Patent.  The '355 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '355 Patent. Defendant knows and intends that customers that purchase the '355 Accused Instrumentalities will use those products for their intended purpose.

33. Defendant has been aware of the '355 Patent and of its infringement as of a date no later than the date it was served with this Complaint in this action.  To the extent facts learned in discovery show that Defendant's infringement of the '355 Patent is or has been willful, or to the extent that Defendant's actions subsequent to the filing of this Complaint—such as it behavior as a litigant or its failure to take remedial actions—render its infringement egregious, DSS reserves the right to request such a finding at time of trial.

34. As a result of Defendant's infringement of the '355 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF THE '087 PATENT

35. DSS references and incorporates by reference paragraphs 1 through 34 of this Complaint.

36. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that infringe various claims of the '087 Patent, and continues to do so.  By way of illustrative example, Defendant's infringing products include without limitation, all versions and variations, including predecessor and successor models of its LED products including its CLA2 Series White, CLA2 Series Color, CLM1 Series White, CLM1 Series Color, CLM2 Series White, CLM2 Series Color, CLM3 Series Color, CLM3 Series White, CLM4 Series White, CLM4 Series Color, CLP6 Series White, CLP6 Series Color, CLX6 Series White, CLX6 Series Color, XLamp ML-B, XLamp ML-C, and XLamp ML-E models.  Defendant's infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendant's infringing products are collectively referred to hereinafter as "'087 Accused Instrumentalities."

37. On information and belief, Defendant has directly infringed and continues to directly infringe the '087 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '087 Accused Instrumentalities.  On information and belief, such products

and/or services are covered by one or more claims of the '087 Patent's including at least claim 1 because they contain each element of that claim.

38. By making, using, offering for sale, selling, and/or importing the '087 Accused Instrumentalities infringing the '087 Patent, Defendant has injured DSS and is liable to DSS for infringement of the '087 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

39. In addition, Defendant is actively inducing others, such as its affiliates, customers, and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claim 1 of the '087 Patent, in violation of 35 U.S.C. §§ 271(b) and/or 271(f).  Upon information and belief, Defendant's customers and/or end users have directly infringed and are directly infringing—and/or combining outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claim 1 of the '087 Patent. Defendant has had actual knowledge of the '087 Patent at least as of service of this Complaint. Defendant is knowingly inducing its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '087 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendant's inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce its customers and/or end users to directly infringe—and/or to combine

outside of the United States in a manner that would infringe if such combination occurred within the United States—the '087 Patent.  The '087 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '087 Patent.  Defendant knows and intends that customers that purchase the '087 Accused Instrumentalities will use those products for their intended purpose.

40. Defendant has been aware of the '087 Patent and of its infringement as of a date no later than the date it was served with this Complaint in this action.  To the extent facts learned in discovery show that Defendant's infringement of the '087 Patent is or has been willful, or to the extent that Defendant's actions subsequent to the filing of this Complaint—such as it behavior as a litigant or its failure to take remedial actions—render its infringement egregious, DSS reserves the right to request such a finding at time of trial.

41. As a result of Defendant's infringement of the '087 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## COUNT V

## INFRINGEMENT OF THE '787 PATENT

42. DSS references and incorporates by reference paragraphs 1 through 42 of this Complaint.

43. On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports in the United States products and/or services that infringe various claims of the '787 Patent, and continues to do so.  By way of illustrative example, Defendant's infringing products include without limitation, all versions and variations, including predecessor and successor

models, of its XLamp line of LEDs, that include "Direct Attach," "SC3" and/or "SC5 Technology," including but not limited to its XB-D, XP-G2, XHP35, XHP35 HI, XT-E, XT-E HV, XT-E Royal Blue, XT-E White, XHP50, XHP50.2, XHP70, XHP70.2 LED products, as well as Daylight bulbs. Defendant's infringing products also include products, e.g., light bulbs, displays and fixtures that contain at least one infringing LED product. Defendant's infringing products are collectively referred to hereinafter as "'787 Accused Instrumentalities."

44.     On information and belief, Defendant has directly infringed and continues to directly infringe the '787 Patent by, among other things, making, using, offering for sale, selling, and/or importing the '787 Accused Instrumentalities. On information and belief, such products and/or services are covered by one or more claims of the '787 Patent's including at least claims 1 and 7 because they contain each element of those claims.

45.     By making, using, offering for sale, selling, and/or importing the '787 Accused Instrumentalities infringing the '787 Patent, Defendant has injured DSS and is liable to DSS for infringement of the '787 Patent pursuant to 35 U.S.C. § 271(a) directly and/or under the doctrine of equivalents.

46.     In addition, Defendant is actively inducing others, such as its affiliates, customers, and end users of Accused Instrumentalities, services based thereupon, and related products and/or processes, to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—each and every claim limitation, including without limitation claims 1 and 7 of the '787 Patent, in violation of 35 U.S.C. §§ 271(b) and/or 271(f). Upon information and belief, Defendant's customers and/or end users have directly infringed and are directly infringing—and/or combining outside of the United States in a manner that would infringe if such combination

occurred within the United States—each and every claim limitation, including without limitation claim 7 of the '787 Patent.  Defendant has had actual knowledge of the '787 Patent at least as of service of this Complaint.  Defendant is knowingly inducing its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '787 Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement.  Defendant's inducement includes, for example, providing technical guides, product data sheets, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce its customers and/or end users to directly infringe—and/or to combine outside of the United States in a manner that would infringe if such combination occurred within the United States—the '787 Patent.  The '787 Accused Instrumentalities are designed in such a way that when they are used for their intended purpose, the user infringes the '787 Patent.  Defendant knows and intends that customers that purchase the '787 Accused Instrumentalities will use those products for their intended purpose.

47.     Defendant has been aware of the '787 Patent and of its infringement as of a date no later than the date it was served with this Complaint in this action.  To the extent facts learned in discovery show that Defendant's infringement of the '787 Patent is or has been willful, or to the extent that Defendant's actions subsequent to the filing of this Complaint—such as it behavior as a litigant or its failure to take remedial actions—render its infringement egregious, DSS reserves the right to request such a finding at time of trial.

48.     As a result of Defendant's infringement of the '787 Patent, DSS has suffered monetary damages in an amount adequate to compensate for Defendant's infringement, but in no

event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief from this Court:

A. A judgment that Defendant has infringed one or more claims of the '771, '486, '355, '087, and/or '787 Patents;

B. A judgment and order requiring Defendant to pay DSS its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's acts of infringement in accordance with 35 U.S.C. § 284;

C. A judgment and order requiring Defendant to provide accountings and to pay supplemental damages to DSS, including, without limitation, prejudgment and post-judgment interest;

D. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to DSS its reasonable attorneys' fees against Defendant; and

E. Any and all other relief to which DSS may show itself to be entitled.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DSS requests a trial by jury of any issues so triable by right.

Dated:  April 13, 2017	Respectfully submitted,


/s/    *Brian Ledahl*    
Brian Ledahl (CA SB No. 186579)
Neil A. Rubin (CA SB No. 250761)
Jacob Buczko (CA SB No. 269408)
RUSS AUGUST & KABAT
12424 Wilshire Boulevard 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991
E-mail: bledahl@raklaw.com
E-mail: nrubin@raklaw.com
E-mail: jbuczko@raklaw.com

Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
Email: ederieux@capshawlaw.com

Attorneys for Plaintiff,
Document Security Systems, Inc.